IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Allen Kelley,<br><br>    Plaintiff,<br><br>vs.<br><br>Glenn F. Kelley, et al.,<br><br>    Defendants. | No. CV 04-0103-PHX-SRB (ECV)<br><br>**ORDER** |

    Pending before the court are Plaintiff's Motion for Continuance (Doc. #51) and Motion for Appointment of Counsel (Doc. #51). Plaintiff argues in his motion for counsel that he has been transferred to another prison unit and is no longer able to communicate with the other inmates who were assisting him with this action. Plaintiff requests the appointment of counsel because he lacks funds to hire his own and does not have the education to prosecute his own case. In addition, Plaintiff claims that his mental and emotional state prevent him from handling his case.

    There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims

1  *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331
2  (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both
3  of these factors together in deciding whether or not to appoint counsel. Id.

4  Plaintiff previously requested the appointment of counsel in this case and that request
5  was denied. See Doc. #26. Plaintiff has not presented sufficient reasons for the court to
6  reconsider the prior ruling. Plaintiff's argument that he does not have the skills to prosecute
7  his own case fails to establish the exceptional circumstances that are necessary before the
8  court is required to appoint counsel. In addition, Plaintiff does not even address, and
9  therefore has not shown, a likelihood of success on the merits of his underlying claims. For
10 these reasons, the motion for appointment of counsel will be denied.

11 Regarding the request for a continuance in the title of the motion, Plaintiff does not
12 elaborate on this request in the body of the motion. He does not ask for an extension of a
13 specific deadline, nor does he indicate that he needs more time to submit something to the
14 court. In the absence of a specific request for a continuance, and the reasons for the request,
15 Plaintiff's motion for a continuance will be denied.

16 **IT IS THEREFORE ORDERED:**

17 That Plaintiff's Motion for Continuance (Doc. #51) and Motion for Appointment of
18 Counsel (Doc. #51) are **DENIED**.

19 DATED this 24th day of July, 2006.

Edward C. Voss
United States Magistrate Judge

- 2 -